May it please the Court. I'm Glenn Solomon. I represent Ms. Sheppard in this matter. I've ceded five minutes of my time to the EEOC, who is appearing as amicus in this case. This is an employment case. Ms. Sheppard brings claims against David Evans for age discrimination under Federal law and wrongful discharge under State law. The wrongful discharge claim is predicated on the general allegation that she was terminated for an attempt to use Oregon Family Leave Act or FEMLA. The appeal is based on the district court's granting of Defendant's second Rule 12b6 motion for failure to state a claim and the consequent dismissal of Plaintiff Sheppard's amended complaint with prejudice. I don't have anything to add to the submissions that are already before the Court, but in view of my session of time to the EEOC, I want to make myself available to answer whatever questions the Court may have as briefly as I can. Are there any questions? Yes. Thank you. Thank you. May it please the Court. My name is Anne-Noelle Occolino, and I'm here for the EEOC as amicus. The Commission weighed in on this case to address the district court's dismissal of the Plaintiff's age discrimination claim. When this Court reads the district court's opinion, it becomes clear that what the district court did was to dismiss it because in the district court's mind, the Plaintiff had failed to allege facts showing the fourth prong of the prima facie case. Specifically, the Court said that she had failed to plead that she was replaced with a substantially younger employee or any other circumstances giving rise to an inference of discrimination. As we argued in our amicus brief, that was a clear legal error because the Supreme Court said in Sierkiewicz that a Plaintiff is not required to plead facts showing a prima facie case of discrimination. And on this point, I think that there's no longer any dispute about that. The Defendant has conceded that on appeal, and in the 28-J letter that we cited, that we filed a few weeks ago, we cited this Court's decision in Cormier v. American Asphalt, where this Court said in Starr v. Baca, a published decision, we held that Sierkiewicz is still good law on this point. But the Defendant still argues that the Plaintiff's age complaint should have been dismissed because it failed to meet the pleading requirements of Iqbal and Twombly. And here we disagree. The Supreme Court has defined plausibility as a complaint that has enough facts to give rise to a reasonable inference that there was misconduct, or in Twombly, the Court articulated it somewhat differently and said that it gives rise to a reasonable expectation that discovery will reveal evidence of misconduct. And here we think that the complaint meets that standard. This is a plausibility standard. It's not a probability standard. And the Plaintiff here alleged facts that make it plausible that she was the victim of age discrimination. She said that she worked for the Defendant for several years. She gave the dates. She said that she was fired. She said she was over the age of 40 and in the protected category. She said that there were five younger comparators who kept their jobs. Sotomayor, can you tell us a little bit about what the comparators are? Should that have been alleged more completely? It could have been, but it did not have to be. It's plausible, still, that she was the victim of age discrimination, even though she only said five comparators. And the courts still are able to make some inferences when reading a complaint. The Supreme Court used that language. An inference can be drawn leads to the expectation that discovery will result in misconduct. So she uses the word comparators. I think you can fairly infer that what she meant were people who held her same position for David Evans. So I don't think it's fatal to her complaint that she used the word comparators, which, to be sure, can have a legal connotation, but I think also has a colloquial connotation. It means somebody who is similar to me. So I think that that was enough, certainly, to put the defendant on notice of what she was complaining about and to make it plausible that she might be entitled to relief. And, of course, the Supreme Court has said that context matters in making these plausibility determinations. In this case, it's not like Iqbal or Twombly, particularly not like Iqbal, where the plaintiff had alleged what seemed to be a somewhat far-reaching allegation of a conspiracy and intent to violate civil rights that the Director of the FBI and the United States Attorney General had engaged in. That's not what we have here. What we have here is a fairly run-of-the-mill employment discrimination case. And as this Court knows, employment discrimination is a fairly common routine. So it seems plausible under the circumstances of this case that the reason for her termination was age discrimination when she alleges that five other younger comparators kept their job, but that she was fired. Does this Court have any further questions? I don't think so. Thank you. May it please the Court. Brenda Baumgart, on behalf of Defendant David Evans and Associates, we're asking that this Court affirm the decision of the district court which dismissed plaintiff's amended complaint with prejudice. Your Honors, I think there's three main points. First of all, I don't — I believe counsel is correct that we do not have a dispute as to the proper legal standard that applies when evaluating whether a complaint meets FRCP 8a standards. The district court properly evaluated that under the authority of Iqbal and Twombly. Nothing about the district court's conflicts with Swerkiewicz. And I believe the parties are also in agreement that Swerkiewicz may have been overruled in part that it relied on Conley. But again, there isn't a fundamental dispute as to the legal standard a district court employs when evaluating whether or not the allegations in a complaint lead it to conclude that it's plausible that plaintiff is entitled to the claim for relief. Well, look, her complaint was brief, two pages, and it went to two and a half. And it seems to me that her allegations were sufficient to state a plausible claim for relief. I mean, it's not as if the plaintiff received consistently good performance reviews, but was nonetheless terminated while younger workers in the same position kept their jobs. And why isn't that a plausible scenario of employment discrimination? In fact, what more should she have said? That's a very fair question, Your Honors. What more she should have said is something that links the fact that merely because she's over the age of 40, and merely because she suffered an adverse employment action, i.e., she was terminated, there's some connection between the two. And that is what is noticeably absent. And if I may direct you to the others were kept. She wasn't. Right. She does allege others were kept. And she also said that she always had good reviews. Correct. And the reason why we have done, Your Honors, is on page 6 of our red brief. The rule calls for a brief statement of the claim. And, you know, today we get complaints sometimes that are 20, 30, 40, 50 pages, some complaints that are opening statements, putting all the evidence and closing arguments in one nice package. So if you need more information, you can always serve interrogatories, take depositions, you know. We don't want to encourage complaints that go on and on. In fact, we appreciate brevity, which contains all of the essential elements. So what's missing here? Absolutely, Your Honor. And I couldn't disagree more, particularly when I practice in Oregon State court, and we don't have notice pleading. We have fact pleading, and complaints go on even longer. So I don't we don't disagree with that premise. But the point is it has to there is a threshold. It has to touch upon the elements of the claim that would lead the judge to conclude it's plausible the plaintiff can seek relief. And what's missing here is that we don't dispute she alleged she was over 40, which puts her in the protected class under the ADEA. We don't dispute she alleged she was terminated. I think whether or not the evidence of whether she was a good performer is a little bit of a closer call, should there have been something more with the comparators as a closer call? She's consistently got good performance reviews. In other words, she was a good employee, and younger workers took the same positions. In the same position, they kept their jobs. And she lost hers. Right. And what's missing is why. It's all we have is a conclusionary allegation on the face of this complaint that she lost her job because she was over 40. That's all we have. And that is not sufficient. We have to have the other side say why they fired her. Pardon me? It seems to me it's plausible that she was fired because of age. Now, should not the employer then be required to come forward and say, no, we had a real reason and this is it? Absolutely, Judge. And that's what happens when we get down the road to the prima facie McDonnell-Douglas burden shifting. At the point the case is now, the employer doesn't get to say why it terminated. We're just at the pleading stage. We're just at the complaint. We haven't we don't have on the record what the legitimate nondiscriminatory reason was. But the point is that the employee has to allege something. What are the ages of these comparators? Is she 55 and they're 54? We don't know that. Where is the motive? She says they're younger. They're younger, right. But there's plenty of case law under the ADA that that's not enough. I mean, if you're within the same protected class. Let me back up just for a moment, if I may. We're looking at the sufficiency of the complaint and the amended complaint. That's all we're really looking at here. Isn't that true? That's true, Judge, yes. And once again, what's missing? Missing is any ill motive that would connect the fact that simply because the plaintiff is over 40 and was terminated, that that is a plausible inference of age discrimination. And the cases cited in our briefs, particularly if I may direct the Court, I believe at pages 12 through 14, we address this. And we've looked at cases where this Court and others have had complaints with more scant allegations than this, including in the employment discrimination context, and have upheld the dismissal. Because here, as in some of these other cases, you're missing a primary element. And the EEOC, I believe, misapprehends, and plaintiff as well, what the district court did with discussion of a prima facie case. The district court did not look at plaintiff's complaint under the view of the McDonnell-Douglas burden shifting, i.e., what does the plaintiff need to survive summary judgment. That is not the standard the district court applied. I don't think that McDonnell-Douglas structure applies to pleadings, and it doesn't even apply to trials. I mean, you know, it doesn't work that way in the real world. Right. But what we're looking at these in the district court's decision and the arguments from the other side in trying to square those, this was very interesting to me. And that is, when you look at Iqbal and Twombly and Star v. Baca, the courts talk about the elements. Scalia. Pardon? As I read it, you were on notice sufficient to know that what she's complaining about is you fired me because I'm older than the other five. It seems to me that she gave you that much notice. Judge, I don't disagree and could not stand here before you and say we didn't have notice this was an H claim. Let's be clear on that. But if I may direct the Court to the recent decision in the Star v. Baca. And this is what the Court said the plaintiff needs to show at the pleading stage. Two-prong. One is that notice. Right? The opposing party has a right to fair notice. We don't need to engage in guesswork. What are you suing me for? Which, frankly, was the problem with the first complaint. It didn't even have a specific allegation. It just said general employment. It didn't mention H. So we fixed that, maybe, with the second one, with the amended complaint. So that's one. But second, and this is quoting from Star v. Baca, the factual allegations that are taken as true must plausibly suggest an entitlement to relief such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Let me give you some examples of what's missing. Motive. This supervisor made an inappropriate comment about my age. This supervisor made an inappropriate comment about me asking to take family medical leave. And that's evidence. That's evidence. Well, no, it's an allegation. Look, look. You want to listen to me for a second? You got another issue you want to talk about? I think we've exhausted this one. I'm doing my best. I know. You're great. Just to point out that I would encourage the Court to look at the district court's opinion and order and how it reached its conclusion, which is that ER 5, starting at ER 5, I would encourage the Court to look at plaintiff's opposition to our motion to dismiss the amended complaint, which is that SER 1 and 2. And, Judges, another one. We've got everything. I've got big files on this. Yeah. This is the skinniest record I've had on a knife. I've got to go to the Smithsonian. Tell me, she was fired the day after she told him, now I'm going to have to have the surgery. Yeah. That would be a sufficient basis in itself for finding that the employer was inappropriately taking action. Isn't that right? Judge Fletcher, certainly causation and temporal proximity can get you an inference of causation. The reason why it does not here is because there's no allegation that the decision maker for the termination even knew about the family medical leave. Pardon this. That the decision maker for the termination had any knowledge she had requested the family medical leave. There's no allegation linking that. It seems to me like you're arguing your case after the evidence is in, rather than arguing the sufficiency of the notice of the complaint. The point is, and even Twomley talks about, a complaint is insufficient if it only alleges bare allegations, bare elements of the claim. That's insufficient. So here where we're missing even an allegation of a critical element, we believe we have a strong position that the complaint is deficient and the district court was correct in dismissing it. I think that we generally as a Court are very concerned that we shouldn't be stretching Twomley and Iqbal beyond what they really are telling us, which is that there should be some kind of plausibility, and certainly there is a plausibility here. I think that's where I respectfully disagree. One final point on the severity of the sanction, because certainly a dismissal with prejudice is a severe sanction. I would just point the Court to SCR 1 and 2, which is the sum total of plaintiff's opposition brief to our motion to dismiss a Second Amendment complaint. Nowhere in that briefing nor before the Court did plaintiff state the position that she in fact had further information to offer, nor did she ask for an additional right to re-plead. If there are no further questions, I have no comments. Thank you. Thank you very much. Scalia. Your Honor, Glenn Solomon appearing again for the plaintiff. I have only one point to make, and that is often when a plaintiff has to plead in Federal Court or any other court for that matter, they're working against a statute of limitations, and they may not know at that point, for example, what the ages of the comparators are. She may only know that they're younger. There may be other facts that are basically unknown at that time. In fact, she may not know what she doesn't know. But working against a statute of limitations, she may have to plead with what she does know in order to save the case, in order to have the opportunity to engage in discovery and vindicate the claims that she suspects that she has. That's all I have. Anything else? All right. The matter is submitted. Thank you. Now we go to Laskany People's Utility District v. Bonneville Power Administration. Good morning, Your Honors. My name is Richard Lorenz, and I'm representing the Laskany People's Utility District.
judges: Walter, Fletcher, Pregerson